COUNTIES AND COUNTY OFFICES
A joint account composed of funds from both a municipality and a county may be established for the payment of the operational expenditures of a metropolitan area planning commission created and established pursuant to the terms and provisions of 19 O.S. 866.1 [19-866.1] et seq. (1971). The establishment of a joint account for the combined funds of the city and county is an integral part of the organization of a metropolitan area planning commission. An agreement concerning said joint account should be included in the overall organizational agreement creating such commission. The terms, provisions and contents of such an agreement may be such as the parties mutually agree upon. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Can a joint account composed of funds from both the city and the county be established for the operational expenditures of the metropolitan area planning commission? "2. Does such a joint account require a contract or other formal agreement between the city council and the board of county commissioners? "3. If the answer to Question No. 2 is yes, what should be the contents of said contract or agreement?" The statutory provisions governing the creation, operation, powers and duties of a metropolitan area planning commission are found at 19 O.S. 866.1 [19-866.1] — 19 O.S. 866.35 [19-866.35] (1971). 19 O.S. 866.1 [19-866.1] within this Title provides the statutory authorization for the creation of this joint city-county area planning and zoning commission. Under this section, the metropolitan area planning commission is authorized to be created in any county of the State of Oklahoma, which county has within its boundaries a city having a population of not less than Five Thousand (5,000) or more than One Hundred Thousand (100,000). 19 O.S. 866.2 [19-866.2] of this Title provides for the general powers and duties granted respectively to participating cities and counties which elect to avail themselves of the provisions of this act. Under this section, a participating city is authorized to adopt a comprehensive plan for the city, to establish a housing code and to perform certain additional and needed urban planning functions. Also, under this section, the participating county is authorized to adopt, except as to that area encompassed within a city or town, certain additional elements of such a comprehensive plan. Under this section, a participating county is additionally authorized to establish zoning regulations, building and construction codes and housing codes. Title 19 O.S. 866.3 [19-866.3] (1971) is the principal statutory provision relating to the funding of a metropolitan area planning commission. This section provides: "Any county of the state which is hereby authorized to avail itself of the provisions of this act and to form with a city located therein a cooperative planning commission may combine a portion of its funds with a portion of the funds of such city, to be expended for the purposes as herein set forth. Each such county and city is hereby authorized to appropriate funds in the amounts necessary to carry out the purposes of this act. The commission, upon approval of the council or board, as the case may be, is hereby authorized to contract for, receive, and utilize any grants or other financial assistance from the federal or state government or from any other source, public or private, in furtherance of its functions and may incur necessary expenses in obtaining said grants and/or financial assistance within the limits of its appropriations." (Emphasis added) Title 19 O.S. 866.5 [19-866.5] (1971) sets forth the manner in which a metropolitan area planning commission may be established. This section provides: "The Board of County Commissioners of any such county and the city council of such city desiring to avail itself of the pro visions of this act shall at any time, set up a metropolitan area planning commission in the following manner: " (a) By resolution of the board of county commissioners, entered in the commissioners' journal of proceedings, setting forth its intention to avail itself of the provisions of this act and to enter into an agreement with the municipality for the organization of the metropolitan area planning commission herein provided for and upon such terms and conditions as may be agreed upon. "(b) Such resolution shall not become effective until such agreement has been entered into and until the municipality has by proper ordinance or charter amendment provided for the dissolution and discontinuance of its city planning commission." (Emphasis added) Title 19 O.S. 866.8 [19-866.8] (1971) also contains certain provisions relating to the revenue and expenditures of a metropolitan area planning commission. This section provides in relevant part: "The commission shall adopt rules for the transaction of business and keep a complete record of its functions and activities, which record shall be a public record. The commission may appoint such employees as it may deem necessary and may establish a schedule of fees to cover the various services as it may require within the limits of its appropriations and may incur necessary expenses, all subject to the approval of the appropriate governing bodies. The commission may, to the extent authorized by the charter or ordinances of any city or town in the county, act as the planning commission for such city or town or lend planning assistance under such mutual arrangement for the sharing of expenses as may be agreed upon." (Emphasis added) Based upon a plain reading of the above quoted statutory provisions, it is apparent that a metropolitan area planning commission, authorized and created under the provisions of 19 O.S. 866.1 [19-866.1] et seq. (1971), is authorized to receive joint funding from both the participating municipalities as well as the county. It can be further ascertained from a plain reading of the above noted sections that such a commission is authorized to incur necessary expenses in its operation and, in the exercise of its statutory powers, to expend appropriated joint revenues for the payment of such "necessary expenses". Accordingly, your first question should be answered in the affirmative. A joint account composed of funds from both the city and the county may be established for the payment of the operational expenditures of a metropolitan area planning commission created pursuant to the provisions above quoted. With regard to your second question, whether such a joint ac count requires a contract or other formal agreement between the city council and the board of county commissioners, attention should be directed to sections 19 O.S. 866.5 [19-866.5] and 19 O.S. 866.8 [19-866.8], supra. 19 O.S. 866.5 [19-866.5] clearly requires the board of county commissioners to enter into an agreement with the participating municipality "for the organization" of the metropolitan area planning commission so created. Section 19 O.S. 866.8 [19-866.8] similarly refers to the requirement of an agreement or "mutual arrangement" for the sharing of expenses. Based upon the requirements set forth within these sections, and acknowledging that matters pertaining to the organization of such commission would necessarily include provisions related to the payment of operational expenses, it may be concluded that the initial organizational agreement should include an agreement concerning a joint account established for the payment of operational expenses. Accordingly, your second question is answered in the affirmative, an agreement concerning the establishment of a joint account for the payment of operational expenses should be included within the overall organizational agreement creating the commission. Relative to your third question, that being in regard to the contents of any agreements required, the statutes appear to be silent on this question. A plain reading of the sections above quoted reflects that such agreements shall be entered into under such terms and conditions as may be mutually agreed upon. The statutes clearly allow considerable discretion to be exercised between the parties regarding the terms, provisions and contents of any agreements entered into. Accordingly, it may be concluded that there are no statutory requirements concerning the contents of such an agreement. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: A joint account composed of funds from both a municipality and a county may be established for the payment of the operational expenditures of a metropolitan area planning commission created and established pursuant to the terms and provisions of 19 O.S. 866.1 [19-866.1] et seq. (1971). The establishment of a joint account for the combined funds of the city and county is an integral part of the organization of a metropolitan area planning commission. An agreement concerning said joint account should be included in the overall organizational agreement creating such commission. The terms, provisions and contents of such an agreement may be such as the parties mutually agree upon. (R. THOMAS LAY)